Your Name: Danial Muhammad

Your Address: 179 Scott Creek Way, BRENTWOOD CA 94513

Phone Number: 916-595-4985

Email Address: kirananeez@yahoo.com

Pro Se Plaintiff

FILED
SEP 29 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danial Muhammad<br><br>Plaintiff,<br><br>v.<br><br>Kaiser Permanente Group Inc<br>The Permanente Medical Group<br>Kaiser Foundation Hospitals<br><br>Defendant. | Case Number [leave blank]<br><br>CV 25-8265 LJC<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Yes ☒   No ☐ |

## PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

   Name: Danial Muhammad

   Address: 179 Scott Creek Way

   Telephone: 916-595-4884

COMPLAINT                    PAGE 1 OF 13                    JDC TEMPLATE, UPDATED 11/2024

Defendants. [Write each defendant's full name, address,

   Defendant 1:

   Name: Kaiser Permanente Group Inc

   Address: Oakland Headquarter

   1 Kaiser Plaza 26

   26th Floor

   Oakland, CA 9461

## I.   JURISDICTION

Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.

2. My case belongs in federal court

   ☒ under federal question jurisdiction because it involves a federal law or right.

   Which federal law or right is involved?
   **28 U.S.C. § 1331 (Federal Question Jurisdiction); 42 U.S.C. § 1983 (Civil Rights Act); U.S. Constitution (First, Fourth, and Fourteenth Amendments); Federal Arbitration Act, 9 U.S.C. § 10.**

   ☐ under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

## II.   VENUES.

The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.

3. Venue is appropriate in this Court because:

   ☒ a substantial part of the events I am suing about happened in this district.

   ☐ a substantial part of the property I am suing about is located in this district.

   ☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity and

I live in this district.

☒ at least one defendant is located in this District and any other defendants are located in California.

### III.  INTRADISTRICT ASSIGNMENT

This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka-McKinleyville. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka-McKinleyville division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.

4. Because this lawsuit arose in **(1) San Francisco/ Oakland County,** it should be assigned to the **(1) San Francisco Oakland  Division** of this Court.

### IV.  STATEMENT OF FACTS

Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, **starting with paragraph number 6**. Use more pages as needed.

_____
_____
_____
_____
_____
_____

6. <u>Plaintiff is a California resident and a Kaiser member and patient</u>

7. <u>In 2006, Plaintiff underwent a knee surgery at a Kaiser facility in Sacramento County, California, under the care of Dr. Robert Berger.</u>

8. After the 2006 surgery, Plaintiff experienced intermittent pain, neurological sensations, and visual disturbances that were not explained by the charted procedures. Plaintiff did not then know of their source.

9. On or about July 4, 2020, Plaintiff underwent an invasive cardiac surgery within Kaiser's Northern California system under the care of Dr. Jeffrey Allen and other Kaiser physicians and staff located within the Northern District of California.

10. Immediately following the 2020 surgery, Plaintiff began experiencing persistent and severe neurological phenomena, including: visual streaming consistent with optic-cortex involvement; auditory overlays and bone-conduction–like effects; involuntary sexual arousal and ejaculation; pain and paresthesia in the head, eyes, genitals, and perineum; abnormal startle and autonomic responses; and interference with concentration, memory, and sleep.

11. These post-2020 phenomena have been continuous and progressive, with daily episodes and clustering around medical interactions, legal milestones, and communications related to Plaintiff's disputes with Kaiser.

12. Plaintiff sought explanations and records from Kaiser concerning both the 2006 and 2020 procedures, including intraoperative notes, device logs, and consents, but was not provided complete responsive information.

13. Plaintiff alleges that during one or both surgeries, unauthorized neuro-technology or related instrumentation was introduced or used without informed consent, including technologies capable of neural stimulation, recording, or modulation affecting the optic and auditory pathways and autonomic responses.

14. On information and belief, and based on the timing, character, and persistence of symptoms, Plaintiff alleges that Kaiser personnel and unknown collaborators used or enabled technologies consistent with brain-computer interface modalities and neural stimulation capable of eliciting the phenomena described above.

15. Plaintiff alleges that during one or both surgeries, unauthorized neuro-technology was introduced or used without informed consent, including devices or methods capable of neural stimulation, data capture, or modulation of optic and auditory pathways and autonomic functions.

15. Following the 2020 surgery, Plaintiff's symptoms — including optic-cortex visual streaming, auditory overlays, involuntary sexual responses, and interference with memory and cognition — intensified and have continued to the present

16. On information and belief, certain unknown individuals and entities ("Doe Defendants") acted as collaborators or liaisons between Kaiser personnel and outside contractors or government programs, including but not limited to Department of Defense and DARPA initiatives, for the purpose of testing or concealing the use of neuro-technology on patients.

17. On information and belief, other Doe Defendants include private suppliers, contractors, or intermediaries who provided equipment or technical support to Kaiser and who enabled or concealed such non-consensual interventions.

18. In 2024–2025, Plaintiff pursued arbitration against Kaiser in Oakland, Alameda County, California, culminating in a July 16, 2025 ruling by Arbitrator Kenneth Powell dismissing Plaintiff's 2006 claims and rejecting 2020-related allegations while using language evidencing bias and disregarding controlling law. A copy of this ruling is attached as Exhibit A.

19. Plaintiff alleges that Kaiser's conduct, in concert with Doe Defendants, violated Plaintiff's rights to bodily integrity, due process, and freedom from unlawful intrusion, and that Kaiser failed to disclose complete surgical records, device logs, and vendor information despite repeated requests.

20. Plaintiff continues to suffer ongoing harm, including pain, involuntary arousal, visual and auditory intrusions, sleep disruption, emotional distress, and economic loss, and brings this action to obtain redress and disclosure of all relevant medical and technological records.

21. Plaintiff alleges that the devices, software, or testing protocols used in one or both surgeries originated with or were supported by outside suppliers and programs. Plaintiff's preliminary research and the pattern of device-like effects suggest involvement by medical device contractors and parties with ties to government research programs. On information and belief, these outside parties include contractors and suppliers that work with Department of Defense programs (including programs historically funded or run through DARPA), liaison contacts affiliated with federal investigative or intelligence offices (including the FBI and CIA), and intermediaries with connections to entertainment-technology integrators. Plaintiff further alleges that Kaiser personnel and the named surgeons (Dr. Berger and Dr. Allen) coordinated with or used equipment and protocols provided or supported by these outside entities. These facts are pleaded on information and belief and will be proved or disproved through discovery.

## V. CLAIMS

### First Claim

Name the law or right violated:

(Cal. Civ. Code § 1708.5.5; California common law; 42 U.S.C. § 1983; U.S. Constitution, Fourth & Fourteenth Amendment

Name the defendants who violated it: Kaiser Foundation Health Plan, Inc.; Dr. Robert Berger; and other Kaiser personnel and contractors.

Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer to your statement of facts.

1. Plaintiff alleges that during the 2006 knee surgery performed by Dr. Robert Berger at a Kaiser facility in Sacramento, Defendants went beyond the scope of consent and performed unauthorized acts.

2. On symptoms and research Defendants surgically installed or enabled the use of neuro-technology capable of interfering with Plaintiff's optic system, auditory pathways, and sexual functions.

3. After this procedure, Plaintiff experienced visual intrusions, auditory overlays, involuntary sexual arousal, and forced ejaculation, which constitute sexual battery under Cal. Civ. Code § 1708.5.5.

4. The performance of medical procedures without informed consent constitutes medical battery under California common law.

5. Plaintiff further alleges that these acts were carried out in concert with outside contractors and government-linked programs (including but not limited to DOD and DARPA initiatives and FBI/CIA liaisons), making Kaiser and its agents joint actors under 42 U.S.C. § 1983.

6. By implanting or activating unauthorized devices and interfering with Plaintiff's body and mind without consent, Defendants violated Plaintiff's constitutional rights to bodily integrity, due process, and to be free from unreasonable intrusions under the Fourth and Fourteenth Amendments.

Relief: Plaintiff seeks compensatory damages for physical injury, emotional distress, and financial loss; punitive damages to deter future misconduct; and disclosure of all medical, surgical, and device records related to the 2006 procedure.

SecondClaim

Name the law or right violated:

(Cal. Code Civ. Proc. § 340.5; California common law; 42 U.S.C. § 1983; U.S. Constitution, Fourth & Fourteenth Amendments)

Name the defendants who violated it:

Kaiser Foundation Health Plan, Inc.; Dr. Jeffrey Allen; and other Kaiser personnel and contractors.

Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer to your statement of facts.

1. Plaintiff alleges that on July 4, 2020, Plaintiff underwent a coronary artery bypass graft (CABG) surgery under the care of Dr. Jeffrey Allen within Kaiser's Northern California system.

2. Following the surgery, Plaintiff's neurological symptoms worsened significantly and became persistent, including interference with Plaintiff's left-hand nerves, abnormal sensory phenomena, and effects consistent with externally controlled, software-mediated systems resembling gaming interfaces.

3. Kaiser and Dr. Allen owed Plaintiff a duty of care under California medical malpractice law (Cal. Code Civ. Proc. § 340.5).

4. Defendants breached this duty by permitting or conducting procedures that engaged neural functions and introduced or re-engaged neuro-technology without securing Plaintiff's informed consent, in violation of California common law governing medical negligence and informed consent.

5. Plaintiff did not consent to the implantation, activation, or testing of any hexperimental devices or neuro-technology.

6. On information and belief, Defendants' actions were supported by or coordinated with outside contractors and government-linked programs (including but not limited to DOD and DARPA initiatives and FBI/CIA liaisons with entertainment technology), making Kaiser and its agents joint actors under 42 U.S.C. § 1983.

7. By interfering with Plaintiff's neural and sensory systems without informed consent, Defendants violated Plaintiff's constitutional rights to bodily integrity, due process, and to be free from unreasonable intrusions under the Fourth and Fourteenth Amendments.

Plaintiff seeks compensatory damages for medical injury, neurological harm, and emotional distress; punitive damages for reckless and intentional misconduct; and an order compelling full disclosure of all surgical records, device data, contractor information, and communications connected to the 2020 procedure.

Third Claim.

Name the law or right violated:

California common law; Federal Arbitration Act, 9 U.S.C. § 10)

Name the defendants who violated it:

Kaiser Foundation Health Plan, Inc.;

1. Plaintiff alleges that Kaiser concealed material facts about the 2006 and 2020 surgeries, including the possible use of experimental devices, contractors, and government-linked programs.

2. Kaiser failed to disclose complete surgical records, device data, and vendor information, preventing Plaintiff from discovering the true nature of the procedures and the causes of his continuing harm.

3. This concealment constitutes fraudulent concealment under California law and tolls the statute of limitations until Plaintiff could reasonably discover the facts.

4. Plaintiff pursued arbitration against Kaiser in Oakland, California, culminating in a July 16, 2025 ruling by Arbitrator Kenneth Powell.

5. The arbitration process was procedurally flawed and biased. The arbitrator dismissed key claims without applying controlling law, including delayed-discovery principles, and used language that displayed favoritism toward Kaiser.

6. **Under the Federal Arbitration Act (9 U.S.C. § 10), an award may be vacated where there is evident partiality, misconduct, or refusal to hear relevant evidence.**

7. Plaintiff alleges that these circumstances justify vacating the arbitration ruling and restoring Plaintiff's claims for full litigation in federal court.

Relief: Plaintiff seeks an order vacating the July 16, 2025 arbitration decision; compensatory and punitive damages for concealment and misconduct; and disclosure of all relevant records, communications, and device/vendor information withheld to date.

## VI.  DEMAND FOR RELIEF

State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount or describe the different kinds of harm caused by the defendant.

Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Kaiser Foundation Health Plan, Inc., Dr. Robert Berger, and Dr. Jeffrey Allen, and grant the following relief:

1. Compensatory damages in an amount to be determined at trial, for physical injury, neurological harm, sexual battery, emotional distress, and financial loss.

2. Punitive damages sufficient to punish Defendants and deter future misconduct of this kind.

3. Rescission and vacatur of the July 16, 2025 arbitration ruling under the Federal Arbitration Act, 9 U.S.C. § 10, based on bias, misconduct, and procedural unfairness.

4. Disclosure and production of all records related to the 2006 and 2020 surgeries, including surgical reports, intraoperative records, device logs, vendor and contractor communications, and any materials relating to the use or testing of neuro-technology.

5. Declaratory relief affirming that Defendants' concealment tolled all applicable statutes of limitation.

6. Costs of suit and any other relief the Court deems fair, just, and proper.

## VII. DEMAND FOR JURY TRIAL

Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.

☒ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 9/24/2025   Sign Name: _/s/ Muhammad_

Print Name:

Danial Muhammad