UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE GROUP, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-08265-LJC<br><br>**ORDER TO SHOW CAUSE AS TO WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 2 |

Plaintiff Danial Muhammad, pro se, filed an application to proceed in forma pauperis (IFP) using the Northern District's form application. The primary effects of such an application being granted would be to excuse Plaintiff from paying the $405 filing fee for this civil action and that an agent of the Court (typically the U.S. Marshal) would complete service of process on their behalf, if the Court determines that Plaintiff's Complaint is not subject to dismissal under 28 U.S.C § 1915(e)(2)(B).

Plaintiff's IFP application states that he is "unable to pay the costs of this action or give security, and that" he believes he is entitled to relief from being required to prepay the required costs and fees for this action. ECF No. 2. Plaintiff lists his net income as ranging between $3,700 to $4,100 per month, and lists his monthly expenses (including car and credit card payments, and expenses for rent, food, utilities, and clothing) as $3,340. *Id.* at 1-2. He states that he is married and that he contributes $3,800 per month to support his spouse, but also that his spouse works and he and his spouse's "finances are … separate" as a condition of their marriage. *Id.* at 2-3. And although Plaintiff checked "No" in response to the question "Do you own or are you buying a home?," he completed the portion of the form indicating what the Court assumes can only be his

1   home's estimated market value ($950,000) and mortgage payment ($2,300).  *Id.* at 3.  Plaintiff

2   also included rent ($1,000) in his list of monthly expenses.  *Id.*

3         Although "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis

4   statute … a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness

5   and certainty.'"  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United*

6   *States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  Based on the information provided, the

7   Court cannot ascertain whether Plaintiff lacks sufficient funds to qualify for IFP status: does he

8   own a nearly one-million-dollar home?  Does he pay rent, pay mortgage, or pay both?  Support his

9   spouse financially or keep his finances separate?  If he is providing $3,800 per month to his

10  spouse, does he have additional, undisclosed sources of income to cover his other monthly

11  expenses?  Plaintiff's somewhat contradictory—and potentially incomplete—financial information

12  does not show, with "particularity, definiteness, and certainty," that he is not able to pay the $405

13  filing fee "and still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234.

14        Plaintiff is accordingly ORDERED TO SHOW CAUSE why his IFP application should

15  not be denied by filing, no later than November 21, 2025, a supplemental application or additional

16  declaration clearly listing his monthly expenses and sources of income, or by paying the filing fee

17  by the same deadline.  Failure to respond to this Order or pay the filing fee may result in the

18  undersigned issuing a report and recommendation recommending dismissal of this case for failure

19  to prosecute, failure to comply with a court order, and failure to pay the filing fee.

20  **IT IS SO ORDERED.**

21  Dated: November 7, 2025

LISA J. CISNEROS
United States Magistrate Judge

2