UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE GROUP, INC., et al.,<br><br>Defendants. | Case No. 25-cv-08265-LJC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>Re: ECF Nos. 23, 27 |

Plaintiff Danial Muhammad, proceeding pro se, filed a First Amended Complaint seeking relief from arbitration proceedings. ECF No. 23 (First Am. Compl.) (FAC). Defendants Kaiser Foundation Health Plan, Kaiser Permanente Group, Inc., The Permanente Medical Group, and Kaiser Foundation Hospitals (collectively, "Kaiser" or "the Kaiser Defendants") moved to dismiss, arguing that the FAC fails to establish that the Court has subject matter jurisdiction over this case. Having reviewed the parties' arguments, the record, and the relevant legal authority, the Court determines that it lacks subject matter jurisdiction over this matter. The FAC is accordingly dismissed without prejudice. Plaintiff may file a Second Amended Complaint by February 27, 2026. The February 3, 2026 hearing is vacated. *See* Civil L.R. 7-1(b).

## I.    BACKGROUND[1]

Plaintiff underwent knee surgery at a Kaiser hospital in 2006. FAC at 3. He was anesthetized, and after the surgery, experienced "severe and abnormal symptoms, including genital pain, anal discomfort, and neurological sensations." *Id.* He reported his symptoms to his treating physician, who informed him that these "were normal postoperative effects associate with

---

[1] This section summarizes Plaintiff's allegations as if true. Nothing in this Order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

United States District Court
Northern District of California

anesthesia or recovery," and Plaintiff accepted his doctor's explanation that the "symptoms were benign and transient." *Id.* In 2020, Plaintiff underwent a second surgery at another Kaiser facility, and afterwards "experienced abnormal neurological and sensory symptoms similar in type and character to those he experienced" after the knee surgery. *Id.* Plaintiff suspected that his symptoms after both surgeries "were not normal postoperative effects but instead resulted from nonconsensual and unauthorized conduct occurring while he was under anesthesia." *Id.*

Plaintiff initiated arbitration against Kaiser in November 2024 regarding the suspected unauthorized conduct. *Id.* at 4. Kaiser's Office of the Independent Administrator (OIA) appointed arbitrator Kenneth Powell to preside over the matter. *Id.* at 4. Powell "dismissed Plaintiff's sexual-assault-related claims at the pleading stage[,] … resolved disputed issues of timing and credibility without an evidentiary records," and barred discovery. *Id.* Plaintiff sought reconsideration of Powell's rulings and then filed a complaint with the State Bar regarding Powell's conduct. "The State Bar subsequently determined that Arbitrator Powell's handling of the matter was negligent," and Powell withdrew as arbitrator. *Id.* at 5. The OIA then appointed a series of other arbitrators, who failed to disclose that they had previously worked on matters involving Kaiser. *Id.* Per Plaintiff, he "is without a functional arbitral forum and seeks judicial intervention to address arbitrator misconduct, disclosure violations, and denial of a fair process." *Id.* at 6.

## II.     PROCEDURAL HISTORY

Plaintiff filed suit in September 2025, asserting claims under at 9 U.S.C. § 10 (the Federal Arbitration Act) (FAA), 42 U.S.C. § 1983, and California law prohibiting assault. *See* ECF No. 1 (Compl.) at 2. He requested that the Court vacate Arbitrator Powell's ruling in the underlying arbitration and claimed that Kaiser's alleged conduct during his surgeries violated the Fourth and Fourteenth Amendments, as well as state law. *Id.* at 7-12. Plaintiff simultaneously filed a motion to vacate the arbitration award. ECF No. 4. Kaiser moved to dismiss the Complaint in November 2025. ECF No. 19. While that motion was pending, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and issued an Order to Show Cause why the matter should not be dismissed. ECF No. 20 at 3. The Court determined that the Complaint did not include

United States District Court
Northern District of California

"sufficient, non-fanciful factual allegations to support" Plaintiff's claims that Kaiser violated California battery laws or the Fourth and Fourteenth Amendment. *See id.* The Court determined that Plaintiff's request to vacate the arbitration award failed as Plaintiff had not identified a "final arbitration award subject to court review" or otherwise alleged facts showing that review of ongoing arbitration proceedings was warranted. *Id.* at 5-6. The Court provided Plaintiff leave to amend his Complaint and directed him to the Northern District's resources for pro se litigants. *Id.* at 6.

Plaintiff proceeded to file the FAC. The FAC reiterates Plaintiff's allegations that, after his 2006 and 2020 surgeries at Kaiser, he experienced "severe and abnormal symptoms," and that he suspected that the symptoms "were indicative of nonconsensual contact or misconduct occurring while [he] was under general anesthesia." FAC at 3. Plaintiff added allegations regarding purported misconduct during arbitration, asserting that Arbitrator Powell improperly "barred discovery" and dismissed Plaintiff's claims. *Id.* at 4. The FAC asserts five claims. Plaintiff's first, second, and third claims, brought under the FAA, request judicial relief from the arbitration rulings due to Arbitrator Powell's alleged refusal "to allow discovery" and dismissal of Plaintiff's claims without an evidentiary record, Arbitrator Powell's "evident partiality" towards Kaiser, and Arbitrator Powell's alleged refusal to "permit the development of medical and factual evidence." *Id.* at 7-8. Plaintiff's fourth claim asserts that Arbitrator Powell "declined to apply California's delayed-discovery statute" and "mandatory Ethics Standards governing arbitrator neutrality and disclosure," presumably referring to the California Rules of Court's Ethics Standards for Neutral Arbitrators in Contractual Arbitration. *Id.* at 8-9. Plaintiff's fifth claim asserts that Powell and subsequently appointed arbitrators violated disclosure requirements under California Code of Civil Procedure 1281.9 and 1281.91 and the California Rules of Court's Ethics Standards for Neutral Arbitrators in Contractual Arbitration. *Id.* at 9.

Kaiser moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff had not established that the Court had subject matter jurisdiction over the case. ECF No. 27-1 at 2. Kaiser argues that the provisions of the FAA do not apply to Plaintiff's arbitration with Kaiser as the arbitration "does not involve issues of interstate

United States District Court
Northern District of California

3

commerce or maritime transactions," and thus the FAA does not provide a basis for federal question jurisdiction. *Id.* at 5. Kaiser argues that there are no other bases for subject matter jurisdiction over this case. *Id.* at 6. Plaintiff opposed the motion and Kaiser filed its reply brief. ECF Nos. 30, 31.

### III.    LEGAL STANDARD[2]

Federal courts are courts of limited jurisdiction and thus may only hear cases that they have subject matter jurisdiction over. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two primary sources of original subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. District courts have federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332(a). Complaints must contain "short and plain" statements of the "grounds for the court's jurisdiction," and the plaintiff "bears the burden of establishing subject matter jurisdiction." Fed. R. Civ. P. 8(a)(1); *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint on the grounds that the court lacks subject-matter jurisdiction over the matter. Rule 12(b)(1) motions may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise

---

[2] Although Kaiser moves to dismiss the FAC due to lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under 12(b)(6), because the Court dismisses the FAC due to lack of subject matter jurisdiction, it includes only the applicable legal standard.

United States District Court
Northern District of California

invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

Federal courts have an independent obligation to ensure that they have subject matter jurisdiction over cases before them and must dismiss a complaint on their own initiative if they determine they lack jurisdiction to hear the case. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal quotations omitted).

## IV.    ANALYSIS

Kaiser argues that the FAC does not establish subject matter jurisdiction.  The Court agrees, but for slightly different reasons than those set forth by Kaiser.  Plaintiff claims that the Court has federal question jurisdiction over this matter because he "seeks relief under the Federal Arbitration Act."  FAC at 2.  His first, second, and third claims are brought under § 10(a) of the FAA, which permits district courts to vacate arbitration awards where, among other reasons, "there was evident partiality or corruption in the arbitrators" or where the arbitrators refused to postpone a hearing or hear evidence, or engaged in other misbehavior that prejudiced the party.  9 U.S.C. § 10(a).  Kaiser argues that the FAA does not apply to Plaintiff's arbitration, as the FAA only provides for enforceability of maritime transactions or "a contract evidencing a transaction involving interstate commerce" and the pending arbitration "does not involve issues of interstate commerce or maritime transactions."  ECF No. 27 at 5.

Kaiser's statement of the law is unobjectionable: the FAA "governs the enforceability of arbitration agreements in contracts involving interstate commerce" and in maritime transactions. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013); 9 U.S.C. § 2.  But the Court need not reach the issues of whether the underlying arbitration involves interstate commerce or whether the FAA applies, because even if the FAA did apply it would not create federal question jurisdiction.  "The FAA provides a means of judicial enforcement where a controversy has been arbitrated pursuant to a valid arbitration provision and the arbitrator has made an award." *United*

5

*States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009).  But the FAA itself does not "confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards, nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331." *Id.* (internal citations omitted).  For a district court to have jurisdiction over an action to vacate an arbitration award pursuant to 9 U.S.C. § 10, there must be "diversity of citizenship or some other independent basis for federal jurisdiction." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).

The FAC's sole basis for federal jurisdiction is that Plaintiff "seeks relief under the Federal Arbitration Act." FAC at 2.  But as established in *Park Place*, the FAA does not create federal question jurisdiction.  There must be an independent basis for federal question jurisdiction, but the FAC does not assert any claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Park Place*, 563 F.3d at 918; *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) ("A case 'arises under' federal law within the meaning of § 1331 … if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted).

Furthermore, the FAC does not establish that diversity jurisdiction exists.  Plaintiff alleges that the Kaiser Defendants "are California nonprofit and professional corporations headquartered in Oakland, California." *Id.* at 2.  Plaintiff does not allege what state he is a citizen of, but lists his address as 179 Scott Creek Way, Brentwood, California. *Id.* at 1, 12.  This suggests to the Court that both Plaintiff and Kaiser are citizens of California, which would mean that there is not diversity of citizenship between the plaintiff and defendants. *See* 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").  In any event, Plaintiff has not included allegations establishing that he and the Kaiser Defendants are citizens of different states, or, for that matter, that the amount in controversy exceeds $75,000. *See* 28 U.S.C, § 1332; *Ashoff*, 130 F.3d at 410 (plaintiff bears burden of establishing subject matter jurisdiction).

United States District Court
Northern District of California

6

The Court accordingly determines that the FAC does not establish a basis for subject matter jurisdiction. The FAC is thus dismissed. *See* Fed. R. Civ. P. 12(h)(3). As Plaintiff may be able to cure this deficiency by amending his FAC to include allegations or claims demonstrating that the Court has jurisdiction over this matter, the dismissal is without prejudice. *See Franklin*, 745 F.2d 1235 n.9.

## V.    CONCLUSION

Plaintiff may file a Second Amended Complaint no later than February 27, 2026 that cures the defects identified in this Order. If Plaintiff files a Second Amended Complaint, it must list the same case number as this Order (25-cv-08265) and must include all of the claims Plaintiff wishes to assert and facts supporting these claims. The Second Amended Complaint will completely replace the FAC and Plaintiff's original Complaint and cannot rely on the contents of the FAC or original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff's failure to file a Second Amended Complaint may result in the dismissal of this action.

Again, the Court strongly encourages Plaintiff to review the section "Representing Yourself" on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff is also encouraged to contact the Court's Legal Help Centers. Attorneys at the Legal Help Centers can provide basic assistance and advice to parties representing themselves but cannot provide legal representation. Plaintiff may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 28, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge